*E-FILED: February 22, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSENDO CARRANZA and IRMA CARRANZA,<br><br>    Plaintiffs,<br>  v.<br><br>BANKUNITED, INC.; BANKUNITED FSB; ROBERT E. WEISS INCORPORATED; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 250, inclusive,<br><br>    Defendants.<br>_____/ | No. C11-02769 HRL<br><br>**ORDER REMANDING CASE** |

BACKGROUND

A.   Case No. C10-04356HRL, Carranza v. BankUnited, et al.

In a prior lawsuit, plaintiffs Rosendo and Irma Carranza sued in state court, asserting fourteen state law claims for relief[1] arising out of the refinancing of their home mortgage. In sum, the complaint alleged that plaintiffs were duped into accepting a loan that they could not afford and that defendants could not lawfully proceed with the then-pending foreclosure of the Carranzas' home. Among the named defendants were BankUnited (in its capacity as successor to BankUnited FSB), Mortgage Electronic Registration Systems, Inc. (MERS), and Robert E.

---

[1] The asserted claims were: (1) Cancellation of Voidable Contract; (2) Civil Conspiracy; (3) Aiding and Abetting; (4) Negligent Supervision; (5) Agency; (6) Wrongful Foreclosure; (7) Actual Fraud; (8) Rescission; (9) Unfair Business Practices; (10) Breach of Fiduciary Duty; (11) Declaratory Relief; (12) Cancellation of Instruments; (13) Quiet Title; and (14) Injunctive Relief.

1   Weiss Incorporated (REW). BankUnited and MERS removed the matter here, asserting federal
2   question jurisdiction based on three federal statutes: (1) the Truth in Lending Act (TILA), 15
3   U.S.C. § 1601, et seq.; (2) the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §
4   2601, et seq.; and (3) the Financial Institutions Reform, Recovery and Enforcement Act of 1989
5   (FIRREA), 12 U.S.C. § 1821. Diversity jurisdiction was not asserted.

6   About two weeks after removal, attorney Christopher Salaysay moved to withdraw as
7   plaintiffs' counsel of record. Salaysay's unopposed motion to withdraw was followed shortly
8   after by plaintiffs' notice of voluntary dismissal with prejudice as to all defendants. Plaintiffs'
9   home reportedly was sold at a non-judicial foreclosure sale about a week later.

10  Nevertheless, the litigation proceeded because of lingering disputes over defendants'
11  claim for fees and costs. Defendants filed a bill of costs for the $350.00 filing fee incurred upon
12  removal of this action. And, claiming that it was the "prevailing party," BankUnited moved for
13  an award of its attorney's fees.

14  For their part, plaintiffs requested that the court deny the removing defendants' bill of
15  costs. Among other things, the Carranzas submitted declarations stating that they had been ill-
16  advised by Salaysay throughout the proceedings. (Dkt. Nos. 25, 26, 29, 30). According to
17  plaintiffs, when Salaysay said that he would be moving to withdraw from the case, he told them
18  that they had three options: (1) proceed with the litigation pro se; (2) find another attorney; or
19  (3) dismiss their claims with prejudice. (Dkt. 25 ¶ 13; Dkt. 26 ¶ 13; Dkt. 29 ¶ 7; Dkt. 30 ¶ 7).
20  This court was told that Salaysay later called Rosendo to ask what plaintiffs had decided, noting
21  that "if [plaintiffs] did not dismiss the case with prejudice, there would be some very bad
22  consequences imposed by opposing counsel." (Dkt. 25 ¶ 14; Dkt. 26 ¶ 14; Dkt. 29 ¶ 8; Dkt. 30
23  ¶ 8). Plaintiffs said that they then agreed to dismiss the case with prejudice, only to have
24  Salaysay later advise—too late—that they could have dismissed their claims *without* prejudice.
25  (Dkt. 25 ¶ 16; Dkt. 26 ¶ 16; Dkt. 29 ¶ 10; Dkt. 30 ¶ 10).

26  Meanwhile, the court issued an Order to Show Cause, directing the removing defendants
27  to submit briefing as to the basis for federal jurisdiction. Upon review of defendants' response,
28  the court concluded that it lacked subject matter jurisdiction and that the case improperly was

2

1  removed from the state court. In sum, the court found that (1) plaintiffs' state law claims were
2  not "artfully pled" federal ones; and (2) there was no basis for federal jurisdiction under
3  FIRREA. Plaintiffs therefore were not made to reimburse defendants the $350 filing fee
4  incurred upon removal. The court did not reach BankUnited's motion for attorney's fees.

B.   <u>The Instant Proceedings</u>

Around the time that the parties were wrangling over defendants' fees and costs in the Carranzas' first suit, the Carranzas, proceeding pro se, filed a second action in state court. Their second complaint, which concerned the same home at issue in their first lawsuit, asserted twelve claims for relief, all based on state law.[2] In essence, the second complaint claimed that the foreclosure of the Carranzas' home was illegal. BankUnited, Inc., BankUnited FSB, REW, and MERS were named as defendants. BankUnited, REW and MERS removed the action here—this time, asserting both federal question and diversity jurisdiction. Once again, defendants argued that federal question jurisdiction existed because plaintiffs' state law claims were actually "artfully pled" federal ones. And, while defendants acknowledged that REW is a California corporation, they claimed that REW's citizenship should be disregarded because the company was never served and was, in any event, a fraudulently joined sham defendant.

Upon removal, this second suit followed a similar trajectory as the first. After defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs voluntarily dismissed the case, but purported to do so without prejudice this time. Defendants then filed a bill of costs for the $350 filing fee incurred upon removal. And, once again claiming that they are the "prevailing parties," defendants also move for an award of their attorney's fees. Plaintiffs oppose defendants' fees motion on the ground that this court lacks subject matter jurisdiction. The motion was deemed submitted without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court agrees that subject matter

---

[2] The claims asserted in the Carranzas' second complaint were as follows: (1) Set Aside Default; (2) Fraud-Note/Deed of Trust; (3) Declaratory Relief; (4) Quiet Title; (5) Breach of Fiduciary Duty; (6) Breach of Covenant of Good Faith and Fair Dealing; (7) Injunctive Relief–Note/Deed of Trust; (8) Injunctive Relief–Foreclosure; (9) Separation of Note and Deed of Trust; (10) No Holder in Due Course; (11) Right of Rescission; and (12) Conspiracy.

3

jurisdiction is lacking and that defendants have improperly removed this action from the state court.[3]

## DISCUSSION

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

A.   Federal Question Jurisdiction

Defendants argue that all of the Carranzas' state law claims are artfully pled ones arising under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and Regulation Z, 12 C.F.R. § 226.1, et seq. This court disagrees.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "As a general rule, '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." Id. at 1114.

"However, under the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Id. (quoting Franchise Tax Bd.

---

[3] Defendants have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Plaintiffs have neither consented nor declined, but instead chose to voluntarily dismiss their claims shortly after removal.

4

of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. Id. The artful pleading rule is, however, limited in scope "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, "the 'mere need to apply federal law in a state-law claim' does not 'suffice to open the arising under door' to federal jurisdiction." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

Defendants contend that this court has jurisdiction because plaintiffs' state law claims depend on a substantial question of federal law—i.e., in defendants' view, the alleged TILA and Regulation Z violations are necessary elements of plaintiffs' state law claims for relief. The Carranzas' complaint generally alleges that defendants failed to make disclosures required by TILA. The mere fact that the complaint references federal law, however, does not convert plaintiffs' state law claims into federal ones. See, e.g., Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (finding no federal jurisdiction where the complaint alleged violations of Title VII and the federal Constitution, but asserted only state law claims for relief); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) (concluding that references to Title VII did not convert plaintiffs' state law claims into federal claims for relief). Moreover, as this court reads the complaint, plaintiffs apparently made the TILA-related allegations to support their assertion that they would not have agreed to the loan terms had the proper disclosures been made. (See, e.g., Complaint ¶ 41). All of their asserted claims for relief, however, focus— not upon the alleged failure to make proper disclosures—but, rather, upon the alleged wrongful foreclosure of their home. Defendants have not convincingly shown that

5

resolution of plaintiffs' state law claims necessarily depends upon resolution of a substantial federal question. See, e.g. Wise, 2001 WL 1466153 at *3 (concluding that resolution of plaintiff's state law claims for fraud, concealment, wrongful foreclosure, and violations of California Business and Professions Code § 17200 would not require the state court to resolve federal questions under TILA, RESPA, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691); Gaspar v. Wachovia Bank, No. C10-03597SBA, 2010 WL 4314884 *2 (N.D. Cal., Oct. 26, 2010) (concluding that, even where some of plaintiff's state law claims were premised on alleged TILA violations, the inclusion of such allegations did not support federal question jurisdiction); Minker v. Washington Mutual Bank, N.A., No. C09-1900-PHX-GMS, 2010 WL 376964 *2 (D. Ariz., Jan. 25, 2010) (concluding that an allegation that defendant violated RESPA by failing to respond to a QWR did not convert plaintiff's state law claim for concealment to a federal claim for relief).

Accordingly, this court concludes that it does not have federal question jurisdiction.

B.   Diversity Jurisdiction

District courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. Federal removal jurisdiction based on diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002). Thus, the presence of a local defendant at the time removal is sought bars removal. Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004).

There is no dispute that defendant REW is (and was at the time of removal) a California citizen. Defendants nonetheless maintain the REW's citizenship may be disregarded for jurisdictional purposes. Their arguments are discussed in turn below.

1.   Unserved Defendants

Defendants suggest that REW's citizenship should not be considered because REW was never served. (Notice of Removal ¶ 7; Reply at 3). They cite no legal authority for that proposition. And, indeed, defendants are wrong. "Whenever federal jurisdiction in a removal

6

case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969); see also Soo v. United Parcel Service, Inc., 73 F. Supp.2d 1126, 1128 (N.D. Cal. 1999) ("Diversity depends upon the citizenship of the parties named, not whether they have been served.").[4] Thus, REW's presence in this lawsuit destroys diversity, unless it is has been fraudulently joined.

### 2. Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder" is a term of art. Id. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id., (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp.2d 1005, 1008 (N.D. Cal. 2001) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

In making its determination, the court may look beyond the pleadings, and the defendant is entitled to present facts showing the joinder to be fraudulent. Morris, 236 F.3d at 1067; Ritchey v. Upjohn Drug Co., 130 F.3d 1313, 1318 (9th Cir. 1998). Defenses attacking the merits of a plaintiff's case generally are not a permissible means by which to establish fraudulent joinder. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1045 (9th Cir. 2009) (concluding that it was inappropriate to raise a preemption defense as a ground for finding

---

[4] In the context of *interpleader actions*, the Ninth Circuit has held that only those defendants who have been served count for jurisdictional purposes. See Cripps v. Life Ins. Co. of North America, 980 F.2d 1261 (9th Cir. 1992). Suffice to say that the instant lawsuit is not an interpleader action.

7

fraudulent joinder where the defense went to the merits of the plaintiff's claims). And, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp.2d 1156, 1158 (C.D. Cal. 2009); see also Plute, 141 F. Supp.2d at 1008 ("Courts have denied a claim of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant.").

"Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Additionally, "the courts must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp.2d at 1008 (internal quotes and citations omitted). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." Knutson v. Allis-Chalmers Corp., 358 F. Supp.2d 983, 993 (D. Nev. 2005) (collecting cases). Moreover, all doubts concerning the sufficiency of a claim for relief because of inartful, ambiguous, or technically defective pleading must be resolved in favor of the non-removing party. Plute, 141 F. Supp.2d at 1008. Remand therefore is appropriate, unless defendant shows that the plaintiff would not be given leave to amend the complaint to cure any purported deficiencies. Padilla, 697 F. Supp.2d at 1159.

Here, defendants argue that the Carranzas cannot, under any circumstance, state a claim against REW (or, indeed, any defendant) because their prior lawsuit was voluntarily dismissed with prejudice. Under California law, a voluntary dismissal with prejudice has the effect of a final judgment on the merits. See generally Boeken v. Philip Morris USA, Inc., 230 P.3d 342, 345, 48 Cal.4th 788 (2010). As discussed above, however, there is a fact issue whether plaintiffs' prior dismissal with prejudice was truly knowing and voluntary (as defendants contend), or whether it was the result of the improvident and ill-timed advice of plaintiffs' former attorney (as the Carranzas claim). Resolving this fact issue in plaintiffs' favor, as it must, this court declines to find that defendants have established fraudulent joinder based on the dismissal of plaintiffs' prior action.

Citing California Civil Code section 2924(b), defendants nevertheless argue that REW, as trustee, cannot be held liable for its actions with respect to the non-judicial foreclosure of plaintiffs' home. That statute provides, in relevant part, that "[i]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." CAL. CIV. CODE § 2924(b). The statute goes on to state that the "mailing, publication, and delivery of notices as required by this section," as well as the performance of other specified duties, are privileged under California Civil Code section 47. Id. § 2924(d).

The Carranzas' complaint alleges that defendants failed to comply with California Civil Code § 2924 and also failed to satisfy the notification and workout provisions of California Civil Code § 2923.5, which essentially sets out procedures that a mortgagee, trustee, beneficiary, or authorized agent must follow before proceeding with a non-judicial foreclosure. (See, e.g., Complaint ¶¶ 20, 89). Broadly construing plaintiffs' pleading, this court finds that the Carranzas essentially claimed that defendants did not act in good faith and wrongfully foreclosed on their home without following proper procedures under state law. And, "because [California Civil Code] Section 2923.5 imposes duties that may extend to the trustee, courts have found that it is not 'obvious' that a plaintiff alleging wrongful foreclosure cannot state a claim against the trustee." Wise, 2011 WL 1466153 at *3 (citing Sun v. Bank of America Corp., No. SACV 10-0004 AG (MLGx), 2010 WL 454720 at *3 (C.D. Cal., Feb. 8, 2010)); see also Patino v. Recontrust Co., N.A., No. C11-00345CW, 2012 WL 381206 at *2 (N.D. Cal., Feb. 6, 2012) (finding no fraudulent joinder where the plaintiff alleged that the defendant-trustee did not satisfy its obligations under Civil Code section 2923.5). True, the Carranzas' complaint is not the model of clarity, and they did not actually plead a separate claim for the alleged violation of California Civil Code § 2923.5. But, the complaint indicates that they certainly intended to challenge the alleged violations of § 2923.5 in this action. (See Complaint ¶ 89). As noted above, doubts concerning the sufficiency of a claim for relief because of inartful, ambiguous, or technically defective pleading must be resolved in their favor. Plute,

9

141 F. Supp.2d at 1008. Moreover, the early stage at which defendants originally sought dismissal of this action would tend to support granting leave to amend any deficiencies.

According, this court finds that REW was not fraudulently joined and that diversity jurisdiction therefore does not exist.

## ORDER

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction and that this matter improperly was removed from the state court. Plaintiffs shall not be required to reimburse defendants the $350 filing fee incurred upon the improper removal. 28 U.S.C. § 1447(c). The court does not reach defendants' motion for an award of attorney's fees. This matter is remanded to the Superior Court for the County of Santa Clara.

SO ORDERED.

Dated: February 22, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:11-cv-02769-HRL Notice has been electronically mailed to:

2  Cris A Klingerman    cklingerman@rewlaw.com

3  Harold Louis Collins    hcollins@rewlaw.com

4  John Andrew Perry    jperry@rewlaw.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7  5:11-cv-02769-HRL Notice sent by U.S. Mail to:

8  Rosendo Carranza
   2830 Vista del Valle
   Morgan Hill, CA 95037

10 Irma Carranza
   2830 Vista del Valle
   Morgan Hill, CA 95037